# CIVIL DOCKET

Date Case Filed: FEBRUARY 7, 2017

## 72ND DISTRICT COURT

Case No. 2017524182

| NAME OF PARTIES | ATTORNEYS | Kind of Action |
|---|---|---|
| RUSSELL E. WOMACK, INC. | Attorney for Plaintiff | OTHER CIVIL |
| v. | GRADY TERRILL | |
| THE NORTH RIVER INSURANCE CO. | * * * * * | Date Jury Fee Paid: |
| | Attorney for Defendant | By Plaintiff |
| | | By Defendant |

## DATE OF ORDERS

| MONTH | DAY | YEAR | ORDERS OF COURT | VOLUME | PAGE |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

MINUTES

Filed 2/7/2017 3:32:49 PM
Barbara Sucsy
District Clerk
Lubbock County, Texas

**CAUSE NO.** **2017524182**        **AG**

| | | |
|---|---|---|
| **RUSSELL E. WOMACK, INC.** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| | § | |
| **V.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **THE NORTH RIVER** | § | |
| **INSURANCE COMPANY** | § | |
| *Defendant* | § | **LUBBOCK COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION AND PETITION FOR DECLARATORY RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Russell E. Womack, Inc. ("REW"), and files this Plaintiff's Original Petition, complaining of The North River Insurance Company ("North River"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### I.

### DISCOVERY CONTROL PLAN

1.    Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE. Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.

### PARTIES

2.    Plaintiff Russell E. Womack, Inc. is a Texas corporation with its principal place of business in Lubbock, Lubbock County, Texas.

3.    Defendant The North River Insurance Company is a foreign insurance company engaging in the business of insurance in the State of Texas. Defendant The North River

*Plaintiff's Original Petition and Petition for Declaratory Relief*        Page 1

Insurance Company may be cited by serving personal process, by a process server, on its Registered Agent, Mike Hicks, Regional Claims Manager, 2400 Lakeside Boulevard, Suite 200, Richardson, Texas 75082-4341 or wherever he may be located.

### III.

### JURISDICTION

4.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.    Plaintiff is seeking monetary relief over $200,000.00 but not more than $1,000,000.00 and declaratory relief.  Plaintiff reserves the right to amend its petition during and/or after the discovery process.

5.      The Court has jurisdiction over Defendant North River because Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas.

### IV.

### VENUE

6.      Venue is proper in Lubbock County, Texas, because Lubbock County is the county where all or a substantial portion of the events giving rise to the claim occurred as more specifically pleaded by facts herein.  TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

### V.

### FACTS

7.      REW sought and obtained from Hertel Insurors Group, L.L.P. in Lubbock, Texas a Commercial General Liability insurance policy (hereinafter referred to as "the Policy"), which was issued by North River.

8.      REW operates a dry bean processing facility in Lubbock, Lubbock County, Texas (hereinafter referred to as "REW's Facility").

9.      REW sought a general liability policy to protect itself from potential claims of negligence resulting or alleged to be resulting from the negligence of its employees in the handling, processing and/or shipping of its dry bean products.

10.     REW sought and obtained endorsements on the Policy naming a number of its vendors as "additional insureds" under the Policy.

11.     In early to mid-2015, REW received notice from Durrsett Amigos, Ltd. d/b/a Amigos Foods ("Amigos"), one of REW's vendors identified as an "additional insured" under the Policy endorsements, claiming that REW's raw bean product was contaminated and that such contaminated beans caused damage to Amigos processed bean products.

12.     REW timely reported the claim to North River.  The claim was assigned Claim No. MCC00595260 (the "Claim").

13.     Defendant North River assigned Bradley Rooker ("Rooker") of Fairmont Specialty ("Fairmont") as the individual adjuster on the Claim.

14.     While North River and/or Rooker were investigating the Claim, Amigos initiated a lawsuit styled *Durrsett Amigos, Ltd. d/b/a Amigos Foods v. Russell E. Womack, Inc.*; Cause No. 2015-CI-18126; in the 166th District Court of Bexar County, Texas ("the Lawsuit").

15.     In the Lawsuit Amigos alleges that REW was negligent in its purchase of the beans, in its handling of the raw beans at REW's Facility, and/or in the transport of the beans to Amigos.  In the Lawsuit, Amigos claims that as a result of the negligence on the part of REW, contaminants from the REW beans were processed into Amigos final product, canned beans.

16.     On or about November 17, 2015, Bradley Rooker sent correspondence to REW stating that North River denied coverage under the Policy for the Claim and stating that North River would not provide a defense to the Lawsuit or indemnification for Amigos' claimed losses or damages.

17.     As a result of this unreasonable denial, REW was forced to provide and fund a defense to the Lawsuit. As of the filing of this Petition, no trier of fact has determined that REW has any liability under the allegations of the Lawsuit, but a trial of the Lawsuit is scheduled or will be scheduled for the near future.

18.     Together, Defendant North River and Rooker set about to deny a proper claim. As a result of the unreasonable investigation of the Claim, including not providing indemnity or defense, REW's Claim was improperly adjusted.

19.     As detailed in the paragraphs below, North River wrongfully denied REW's Claim, even though the Policy provided coverage for a defense and indemnification of Amigos' claims.

20.     Defendant North River failed to perform its contractual duties to adequately defend and indemnify REW under the terms of the Policy. Specifically, it refused to provide a defense or indemnification of Amigos' claims, although due demand was made for same, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by REW. North River's conduct constitutes a breach of the insurance contract between North River and REW.

21.     Defendant North River and Rooker misrepresented to REW that a defense and indemnification were not covered under the Policy, even though the alleged damage were caused

by a covered occurrence. Defendant North River's conduct constitutes a violation of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a)(l).

22.     Defendant North River failed to make an attempt to settle REW's claim in a fair manner, although they were aware of their liability to REW under the Policy. Defendants North River's conduct constitutes a violation of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a)(2)(A).

23.     Defendant North River failed to affirm or deny coverage of REW's Claim within a reasonable time. Specifically, REW did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant North River. Defendants North River's conduct constitutes a violation of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES.   TEX. INS. CODE §541.060(a)(4).

24.     Defendant North River refused to fully compensate REW, under the terms of the Policy, even though Defendant North River failed to conduct a reasonable investigation. Specifically, Defendant North River and Rooker performed an outcome-oriented investigation of REW's Claim, which resulted in a biased, unfair, and inequitable denial of coverage. Defendant North River's conduct constitutes a violation of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a)(7).

25.     Defendant North River failed to meet its obligations under the TEXAS INSURANCE CODE regarding timely acknowledging REW's Claim, beginning an investigation of REW's Claim, and requesting all information reasonably necessary to investigate REW's Claim, within the statutorily mandated time of receiving notice of REW's Claim.   North River's conduct constitutes a violation of the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS. TEX. INS. CODE §542.055.

26.    Defendant North River failed to accept or deny REW's full and entire Claim within the statutorily mandated time of receiving all necessary information.    North River's conduct constitutes a violation of the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS. TEX. INS. CODE §542.056.

27.    Defendant North River failed to meet its obligations under the TEXAS INSURANCE CODE regarding payment of the Claim without delay.    Specifically, it has delayed payment of REW's Claim longer than allowed and to date, REW has not received payment for its Claim. North River's conduct constitutes a violation of the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS.    TEX. INS. CODE §542.058.

28.    From and after the time REW's Claim was presented to Defendant North River, the liability of North River to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, North River has refused to defend and indemnify REW, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny coverage. North River's conduct constitutes a breach of the common law duty of good faith and fair dealing.

29.    Defendant North River knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from REW.

30.    As a result of Defendants North River's wrongful acts and omissions, REW and was forced to retain the professional services of the attorney and law firm who is representing it with respect to these causes of action.

## VI.

### CAUSES OF ACTION

31.     REW is not making any claims for relief under federal law.

32.     Defendant North River is liable to REW for intentional breach of contract, as well as intentional violations of the TEXAS INSURANCE CODE, and intentional breach of the common law duty of good faith and fair dealing.

**A.     *Breach of Contract***

33.     Defendant North River's conduct constitutes a breach of the insurance contract made between North River and REW.

34.     Defendant North River's failure and/or refusal, as described above, to provide a defense and/or indemnification of the Claim as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of North River's insurance contract with REW.

**B.     *Noncompliance with TEXAS INSURANCE CODE: Unfair Settlement Practices***

35.     Defendant North River's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

36.     Defendant North River's unfair settlement practice, as described above, of misrepresenting to REW material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(l).

37.     Defendant North River's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even

though North River's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

38.     Defendant North River's unfair settlement practice, as described above, of failing to promptly provide REW with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

39.     Defendant North River's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to REW, or to submit a reservation of rights to REW, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

40.     Defendant North River's unfair settlement practice, as described above, of refusing to pay REW's Claim or provide a defense and indemnification without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

C.     *Noncompliance with TEXAS INSURANCE CODE: The Prompt Payment of Claims*

41.     Defendant North River's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

42.     Defendant North River's failure to acknowledge receipt of REW's Claim, commence investigation of the Claim, and request from REW all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

43.     Defendant North River's failure to notify REW in writing of its acceptance or rejection of the Claim within the applicable time constraints constitutes a non-prompt payment of the Claim.  TEX. INS. CODE §542.056.

44.     Defendant North River's delay of the payment of REW's Claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

**D.     Violations of the TEXAS DECEPTIVE TRADE PRACTICES –CONSUMER PROTECTION ACT ("DTPA")**

45.     REW adopts and incorporates each of the preceding paragraphs as if fully stated herein.

46.     The foregoing transactions, occurrences, and North River's representations, misrepresentations and omissions constitute violations of the TEXAS DECEPTIVE TRADE PRACTICES – CONSUMER PROTECTION ACT; TEX. BUS. & COM. CODE § 17.01 *et seq.* as pleaded further herein.

47.     REW was a consumer pursuant to the DTPA who sought goods or services from North River for purchase.  REW has consumer status and standing to bring claims against North River actionable through the DTPA.

48.     Specifically, and without limitation, North River has violated the below enumerated provisions of the DTPA by North River's representations and omissions upon which REW relied to its detriment, as follows:

    a.     Representing that goods or services of North River had sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have. TEX. BUS. & COM. CODE § 17.46(b)(5);

b.   Representing that the services of North River are of a particular standard, quality, or grade, which they were not. TEX. BUS. & COM. CODE § 17.46(b)(7);

c.   Representing that an agreement confers or involves rights, remedies, or obligations which it did not have or involve. TEX. BUS. & COM. CODE § 17.46(b)(12); and,

d.   Failing to disclose information concerning services which was known at the time of the transaction which was intended to induce REW into a transaction into which REW would not have entered had the information been disclosed. TEX. BUS. & COM. CODE § 17.46(b)(24).

49.   In addition, the various breaches of both express and implied warranties as described herein constitute additional violations of the DTPA actionable through TEX. BUS. & COM. CODE § 17.50(a)(2). REW seeks recovery for such breaches of warranty through the DTPA, § 17.50(a)(2).

50.   Further, North River took advantage of REW's lack of knowledge, experience, ability, or capacity to a grossly unfair degree in inducing REW into the purchase of the Policy. Specifically, North River engaged in false, misleading and deceptive acts and practices, resulting in a gross disparity between the consideration paid by REW and the value received.  North River took advantage of REW's lack of knowledge, where North River was in the best position to make full disclosure of the Policy's alleged limitations (although such limitations are denied), which is actionable through the DTPA, TEX. BUS. & COM. CODE § 17.50(a)(3).

51.   As a consequence of the deceptive acts and practices of North River, REW seeks recovery from North River for all of REW's economic damages under the DTPA.  Moreover, North River acted knowingly and intentionally, as those terms are used in Section 17.50(b)(1) of the DTPA, entitling REW to the trebling (up to 3 times) of economic damages pursuant to the DTPA.

52.     In addition, REW is entitled to recover its reasonable and necessary attorneys' fees and costs under the DTPA.

**E.      Breach of Duty of Good Faith and Fair Dealing**

53.     Defendant North River's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

54.     Defendant North River's failure, as described above, to adequately and reasonably investigate and evaluate REW's Claim, although, at that time, North River knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

**F.      Knowing**

55.     Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the TEXAS INSURANCE CODE, and was a producing cause of REW's damages described herein.

**G.      Request for Declaratory Relief**

56.     The UNIFORM DECLARATORY JUDGMENT ACT (the "Act") is remedial in nature and was implemented to provide courts with broad discretion and authority to make determinations so as to "settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." TEX. CIV. PRAC. & REM. CODE § 37.002(b).

57.     When such uncertainties arise with respect to a written contract, a party to such contract can petition and request the court determine questions of construction or validity pertaining to or arising under such contract, and then may obtain a declaration from the court setting out its determinations. TEX. CIV. PRAC. & REM. CODE § 37.004(a).

58.     Such determination can be either affirmative or negative and can be made before

or after such contract has been breached. TEX. CIV. PRAC. & REM. CODE § 37.003(b); TEX. CIV. PRAC. & REM. CODE § 37.004(b). "Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper." TEX. CIV. PRAC. & REM. CODE § 37.011. If a court deems such application to be sufficient, such court may require an interested party to demonstrate why relief should not be granted. *Id.*

      59.    Pursuant to the Act, REW requests this Court make the following declarations:

        a.  that the Policy provides that North River was required to provide a defense of REW with respect to the Claim; and,

        b.  that the Policy provides that North River is contractually obligated to indemnify REW from the Claim.

## VII.

## DAMAGES

      60.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

      61.    For breach of contract, REW is entitled to regain the benefit of its bargain, which is recovery of all attorney's fees expended in Litigation, the provision of a defense of the Litigation and indemnification for any liability found on the part of REW in the Litigation.

      62.    For noncompliance with the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES, REW is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs, and attorney's fees. For knowing conduct of the acts described above, REW asks for three times its actual damages. TEX. INS. CODE §541.152.

      63.    For noncompliance with TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS, REW is entitled to the amount of their claim, as well as eighteen percent (18%) interest per

annum on the amount of such claim as damages, together with attorneys' fees. TEX. INS. CODE §542.060.

64.     For breach of the common law duty of good faith and fair dealing, REW is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

65.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## VIII.

## JURY DEMAND

66.     Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Lubbock County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## IX.

## REQUESTS FOR DISCLOSURE

67.     Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff hereby requests that Defendant disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2.

## X.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff have and recover such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, treble damages under the TEXAS INSURANCE CODE and TEXAS DECEPTIVE TRADE PRACTICES ACT, and all punitive and exemplary damages as may be found. Plaintiff requests that the Court issue the declaratory relief requested herein. Plaintiff requests that the Court order the Plaintiff recover an award of attorneys' fees for the trial and an appeal of this case, for all costs of Court on its behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

**CRAIG, TERRILL**
  **HALE & GRANTHAM, LLP**
First Bank Centre
9816 Slide Rd., Suite 201
Lubbock, Texas 79424
806/744-3232 (Telephone)
806/744-2211 (Facsimile)
gradyt@cthglawfirm.com
thamm@cthglawfirm.com

By: */s/ H. Grady Terrill*
  **H. Grady Terrill**
  SBN:  19792300
  **TyScott Hamm**
  SBN:  24053946
  *Attorneys for Plaintiff*

Filed 2/7/2017 3:32:49 PM
Barbara Sucsy
District Clerk
Lubbock County, Texas

## CIVIL PROCESS REQUEST

**AG**

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE
SERVED

CAUSE NUMBER _____**2017524182**_____          CURRENT COURT:_____

DOCUMENT TO BE SERVED ___Citation/Petition_____

SERVICE TO E ISSUED ON :

    NAME: ___The North River Insurance Company_____

    ADDRESS: _2400 Lakeside Boulevard, Suite 200, Richardson, Texas 75082___

    AGENT: __Miike Hicks, Regional Claims Manager_____

TYPE OF PROCESS TO BE ISSUED___Citation_____

    SERVICE BY:

    LUBBOCK COUNTY SHERIFF

    PROCESS SERVER: _____

    ATTORNEY PICKUP: _Please send via efile._____

    PUBLICATION: _____

    CERTIFIED MAIL

SERVICE REQUESTED BY: _H. Grady Terrill_____

MAILING ADDRESS: _CTHG, 9816 Slide Road, Suite 201, Lubbock, Texas 79424___

TELEPHONE NUMBER: _(806) 686-1228_____

**2017524182**

# CIVIL CASE INFORMATION SHEET

Filed 2/7/2017 3:32:49 PM
Barbara Sucsy
District Clerk
Lubbock County, Texas

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

AG

STYLED <u>RUSSELL E. WOMACK, INC. v. THE NORTH RIVER INSURANCE COMPANY</u>
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment motion for modification or enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>H. Grady Terrill | Email:<br>gradyt@cthglawfirm.com | Plaintiff(s)/Petitioner(s):<br><br>Russell E. Womack, Inc. | ☒ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| Address:<br>9816 Slide Rd., Suite 201 | Telephone:<br>806/744-3232 | _____ | |
| City/State/Zip:<br>Lubbock, TX  79424 | Fax:<br>806/744-2211 | Defendant(s)/Respondent(s):<br><br>The North River Insurance Company | Additional Parties in Child Support Case:<br><br>Custodial Parent:<br>_____ |
| Signature:<br><br>*/s/ H. Grady Terrill* | State Bar No:<br>19792300 | _____<br><br>[Attach additional page as necessary to list all parties] | Non-Custodial Parent:<br>_____<br><br>Presumed Father:<br>_____ |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-judgment Actions<br>(non-Title IV-D) |
|---|---|---|---|---|
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☒ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br>_____<br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract:<br>_____ | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional<br>   Liability: _____<br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability<br>   List Product:<br><br>☐ Other Injury or Damage:<br>_____ | ☐ Eminent Domain/<br>   Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br>_____ | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other |
| | | | | **Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | ☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>   Pre-indictment<br>☐ Other: _____ | ☐ Enforce Foreign<br>   Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>   of Minority<br>☐ Other: _____ | ☐ Adoption/Adoption with<br>   Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Paternity/Parentage<br>☐ Termination of Parental<br>   Rights<br>☐ Other Parent-Child:<br>_____ |

| Employment | Other Civil | |
|---|---|---|
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment:<br>_____ | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>   Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: _____ |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: _____ |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☒ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

## CITATION
## THE STATE OF TEXAS

TO:   **The North River Insurance Company**
      **by serving its Registered Agent: Mike Hicks (Regional Claims Manager) at**
      **2400 Lakeside Blvd., Suite 200, Richardson, TX 75082**

                                                            Defendant Greetings:

### NOTICE

**You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk of the court who issued this citation by 10 o'clock a.m. on the Monday following the expiration of 20 (twenty) days after you have been served this citation and Original Petition and Petition for Declaratory Relief, a default judgment may be taken against you.**

Said **Plaintiff's Original Petition and Petition for Declaratory Relief** was filed in the **72nd District Court** of Lubbock County, Texas, on **February 7, 2017**. The file number of said suit being Cause Number **2017524182**, and styled:

**Russell E. Womack, Inc.,**
*Plaintiff*
V.
**The North River Insurance Company,**
*Defendant*

The nature of **Plaintiff's** demand is set out and shown by a true and correct copy of the **Original Petition and Petition for Declaratory Relief**, accompanying this citation, and made a part thereof.

Plaintiff is represented by:
**H. Grady Terrill, 9816 Slide Road, Suite 201, Lubbock, TX 79424, (806) 686-1228**

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Lubbock County, Texas, this Wednesday, February 08, 2017, at 2:21 PM.

                    Barbara Sucsy, District Clerk
                    72nd District Court
                    P.O. Box 10536 (79408)
                    904 Broadway
                    Lubbock, Texas 79401

By_____*Ryan Crumley*_____Deputy
                    Ryan S. Crumley

**RETURN OF SERVICE**
**CITATION**

Issued:  February 8, 2017

Lubbock County Cause Number:  **2017524182**
**72nd District Court**

**Russell E. Womack, Inc.**
**V.**
**The North River Insurance Company**

PERSON OR ENTITY TO BE SERVED AND ADDRESS FOR SERVICE:
**The North River Insurance Company**
**by serving its Registered Agent: Mike Hicks (Regional Claims Manager) at**
**2400 Lakeside Blvd., Suite 200, Richardson, TX 75082**

OFFICER'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ O'clock AM/PM, and executed in

_____ County, Texas by delivering to the within named defendant in person, a true copy of this Citation with the

date of delivery endorsed thereon, together with a copy of the **Original Petition and Petition for Declaratory Relief**, at the following

time and places, to-wit:

| NAME | DATE & TIME | LOCATION/ADDRESS |
|------|-------------|------------------|
|      |             |                  |

**OR NOT** executed to the named Defendant; The diligence used in finding said defendant, the cause of failing to execute this process
and the information received as to the whereabouts of the said defendant, being:

_____

_____

_____

| FEES FOR SERVING: | $_____ | |
|-------------------|-------------|--|
| FEES FOR NOT SERVING: | $_____ | **Officer or Authorized Person** |
| OTHER FEES: | $_____ | |
| **TOTAL FEES:** | $_____ | **County, Texas** |

_____
**Signature of Officer or Authorized Person**

**\*\*COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT\*\***
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve a citation shall sign the return.  The
return must either be verified or be signed under penalty of perjury.  A return signed under penalty of perjury must contain the
statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my address is
_____ (First, Middle, Last)

_____
(Street, City/State, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of _____.

_____
**Declarant/Authorized Process Server**

_____
**I.D. # & Expiration of Certification"**

# AFFIDAVIT OF SERVICE

Came to hand on the **8th** day of **February** , 2017, at **3:15 o'clock** **pm**.
Cause No. **2017-524,182**

Executed at _2400 Lakeside Blvd Ste 200_
within the County of _Dallas_ at _3:50_ o'clock _P_ m on the _23_ day
of _Feb_ , _17_ , by delivering to the within named:

**The North River Insurance Company by delivery to its Registered Agent:**
**Mike Hicks**

in person a true copy of CITATION with Plaintiff's Original Petition for
Declatory Relief, JD & Requests for Disclosure, having endorsed on Citation
the date of delivery

I am not a party to or interested in the outcome of the suit referenced above.
I am authorized by written order to serve citation and other notices. I am not
less than eighteen (18) years of age.

Service Fee $

By: ___Jeff Houchin___

_Jeff Houchin SCH 10118_
(Print Name of Authorized Person)
_exp 1-31-19_

| |
|---|
| Lubbock Co Tx 72nd District Court |
| Russell E. Womack, Inc |
|                     Plaintiff |
| V. |
| The North River Insurance Company |
|                     Defendant |

## VERIFICATION

STATE OF _Texas_ §
COUNTY OF _Tarrant_ §

    BEFORE, ME, A NOTARY PUBLIC, on this day personally appeared
_Jeff Houchin_ , known to me to be the person whose name
is subscribed to the foregoing document and, being by me first duly sworn,
declared that the statements therein contained are true and correct.
    Given under my hand and seal of office this _24_ day of
_Feb_ , A.D., _17_ .

_____
NOTARY PUBLIC, STATE OF _Tx_

85078

CSRV - CITATION SERVED
Case No: 2017-524,182
01900239543007

## CITATION
## THE STATE OF TEXAS

TO:   **The North River Insurance Company**
      **by serving its Registered Agent: Mike Hicks (Regional Claims Manager) at**
      **2400 Lakeside Blvd., Suite 200, Richardson, TX 75082**

                                                            Defendant Greetings:

### NOTICE

**You have been sued. You may employ an attorney. If you or your attorney do not file a
written answer with the clerk of the court who issued this citation by 10 o'clock a.m. on the
Monday following the expiration of 20 (twenty) days after you have been served this
citation and Original Petition and Petition for Declaratory Relief, a default judgment may
be taken against you.**

Said **Plaintiff's Original Petition and Petition for Declaratory Relief** was filed in the **72nd
District Court** of Lubbock County, Texas, on **February 7, 2017**. The file number of said suit
being Cause Number **2017524182**, and styled:

                          **Russell E. Womack, Inc.,**
                                 *Plaintiff*
                                    V.
                      **The North River Insurance Company,**
                                *Defendant*

The nature of **Plaintiff's** demand is set out and shown by a true and correct copy of the **Original
Petition and Petition for Declaratory Relief**, accompanying this citation, and made a part
thereof.

Plaintiff is represented by:
**H. Grady Terrill, 9816 Slide Road, Suite 201, Lubbock, TX 79424, (806) 686-1228**

The officer executing this writ shall promptly serve the same according to requirements of law,
and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Lubbock County, Texas, this
Wednesday, February 08, 2017, at 2:21 PM.

                          Barbara Sucsy, District Clerk
                          72nd District Court
                          P.O. Box 10536 (79408)
                          904 Broadway
                          Lubbock, Texas 79401

                    By    *Ryan Crumley*                    Deputy
                          Ryan S. Crumley

**Lubbock County District Clerk**
904 Broadway
Suite 105
Lubbock, TX 79401
806-775-1359

| | | | |
|---|---|---|---|
| **Source:** | Phone Order | **Authorization:** | Paid in Full |
| **Order Date/Time:** | 3/15/2017 04:32 PM CDT | **Agency Amount:** | $21.00 |
| **Order Number:** | 65713556 | **Other Agency Amount:** | $0.00 |
| **Operator:** | PatrickK | **Shipping Amount:** | $0.00 |
| **Location Code:** | 4445016667519 | **LN Service Fee:** | $2.50 |
| | | **Total Amount:** | $23.50 |

**Payment Information**

| | | | |
|---|---|---|---|
| **Transaction Type:** | Purchase | | |
| **Card Holder:** | Kevin Risley | | |
| **Payment Method:** | Credit Card(Visa)*************9975 | **Expiration** | ##/## |
| **Approval Code:** | 00563G | **Transaction Ref #:** | 493900001 |
| **AVS Response:** | | **CVV2 Response:** | |

| **Agency Amount** | **Product** | **Product Detail** |
|---|---|---|
| $21.00 | Copies | 2017524182 |

----------------------------------------------------------------------------------------------------

**Lubbock County District Clerk**
904 Broadway, Suite 105, Lubbock, TX 79401
806-775-1359
**VitalChek Receipt - Phone Order**

| | | | |
|---|---|---|---|
| **Order Date/Time:** | 3/15/2017 04:32 PM CDT | **Transaction Type:** | Purchase |
| **Confirmation Number:** | 65713556 | **Approval Code:** | 00563G |
| **Payment Applied towards:** | Copies | **Transaction Ref #:** | 493900001 |
| **Card Holder:** | Kevin Risley | **Payment Method:** | Visa(9975) |

**Bill To**
Kevin Risley
United States of America

| | |
|---|---|
| Agency Amount: | $21.00 |
| Other Agency Amount: | $0.00 |
| LN Service Fee: | $2.50 |
| Total Amount: | $23.50 |

Filed 3/17/2017 9:35:17 AM
Barbara Sucsy
District Clerk
Lubbock County, Texas
ARG

CAUSE NO. 2017524182

| | | |
|---|---|---|
| RUSSELL E. WOMACK, INC. | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | LUBBOCK COUNTY, TEXAS |
| | § | |
| THE NORTH RIVER | § | |
| INSURANCE COMPANY | § | |
| | § | |
| Defendant | § | 72nd  JUDICIAL  DISTRICT |

## **DEFENDANT'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant The North River Insurance Company ("North River") files this Original Answer and General Denial to Plaintiff's Original Petition and would respectfully show as follows:

## I.

## **GENERAL DENIAL**

Defendant asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that Plaintiff be required to prove the charges and allegations made against it by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas.

## II.

## **FAILURE TO STATE A CLAIM**

Defendant asserts that Plaintiff's Original Petition fails to state claims upon which relief can be granted. Specifically, Plaintiff's claims for violations of the common law and statutory duties of good faith and fair dealing do not exist as a matter of law. The same is true of its claims for violations of the Texas Insurance Code and DTPA. Finally, Plaintiff's claim for declaratory judgment is improper because it merely duplicates its claims for breach of contract.

## III.

## PRAYER

Defendant requests that Plaintiff take nothing by its claims and that it be granted any and all other relief to which they may show itself justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: /s/ Brian S. Martin

BRIAN S. MARTIN
State Bar No. 13055350
E-Mail: bmartin@thompsoncoe.com
RODRIGO "DIEGO" GARCIA, JR.
State Bar No. 00793778
E-Mail: dgarcia@thompsoncoe.com
CHRISTOPHER H. AVERY
State Bar No. 24069321
E-Mail: cavery@thompsoncoe.com
One Riverway, Suite 1400
Houston, TX 77056
Telephone:  (713) 403-8210
Telecopy:  (713) 403-8299

**ATTORNEYS FOR DEFENDANT
THE NORTH RIVER INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record in accordance with the Texas Rules of Civil Procedure on this the 17th day of March, 2017.

H. Grady Terrill
TyScott Hamm
Craig, Terrill, Hale & Grantham, LLP
First Bank Centre
9816 Slide Road, Suite 201
Lubbock, Texas 79424

/s/ Brian S. Martin
BRIAN S. MARTIN

2